UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Docket No. 19-10459-RWZ-26 |
| ORLANDO SANTIAGO TORRES<br>    Defendant. | * |

**<u>DEFENDANT'S EMERGENCY MOTION, PURSUANT TO 18 U.S.C. § 3145(b) TO REVOKE THE DEFENDANT'S PRETRIAL DETENTION BASED ON DEFENDANT'S VULNERABILITY TO THE COVID-19 PANDEMIC</u>**

NOW COMES the Defendant, Orlando Santiago Torres, by and through counsel, Paul Garrity, and respectfully moves this Court, on an emergency basis, pursuant to 18 U.S.C. § 3145(b), to revoke the Defendant's detention status and to release him on conditions pending trial in this matter as the Defendant's medical condition makes him particularly vulnerable to the COVID-19 pandemic. The government, by and through Assistant US Attorney Phillip Mallard, objects to this within motion.

In support of this motion the Defendant states as follows:

1. The Defendant, who is charged with Conspiracy to Conduct Enterprise Affairs through a Pattern of Racketeering Activity and Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Cocaine and Cocaine Base, initially stipulated to detention without prejudice. Subsequently, the Defendant requested a detention hearing and said detention hearing was held on February 7, 2020 before Magistrate Judge Kelley. After the hearing, Magistrate Judge Kelly found that the Defendant posed a risk of flight and posed a danger to the community. As a result, Magistrate Judge Kelley ordered that the

Defendant continue to be detained. (See docket entry no. 504). Thereafter, on April 3, 2020 the Defendant filed an Emergency Motion to Reconsider his detention status based on the COVID-19 pandemic. (See docket entry no. 677). The government filed their opposition to this motion on April 14, 2020. (See docket entry no. 725) and on April 15, 2020 Magistrate Kelly issued an order denying the Defendant's motion to reconsider pretrial release. (See docket entry no. 732).

2. The Defendant was initially detained at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island. While the Defendant was detained at the facility, he was hospitalized outside of the jail for a period of time due to his need for medically necessary dialysis treatment. The dialysis treatment is necessary as the Defendant has only one functioning kidney. Thereafter, due to the lack of dialysis treatment at the Donald W. Wyatt Detention Facility and the Defendant's need for frequent dialysis services, the Defendant was transferred in early February, 2020, by the United States Marshal's Office to the Monmouth County Correctional Institution in Freehold, New Jersey as that facility at the time of the transfer offered in-house dialysis treatment to detainees. However, on March 27, 2020 the undersigned counsel was informed by the Marshal's office that the Defendant would soon be transferred to Allegheny County Jail in western Pennsylvania as the Monmouth County Correctional Institution was terminating the provision of dialysis services to detainees such as the Defendant.

3. As of April 16, 2020, the Marshal's office informed the undersigned counsel that the Defendant was still detained at the Monmouth Correctional Institution. The Marshal's office also informed the undersigned counsel on April 8, 2020 that as of that date two inmates and two staff members had tested for COVID-19.

4. The Defendant's kidney disability and need for frequent dialysis service makes him particularly vulnerable to consequences of COVID-19. In fact, the Center for Disease Control and Prevention ("CDC") has indicated that individuals with kidney problems are at high risk for severe illness and possible death from COVID-19[1].

5. The Defendant, given that he is a prisoner in a correctional facility, is all the more vulnerable as the prison setting makes it virtually impossible for detainees to exercise all of the safety protocols, such as social distancing, that have been issued by governmental officials, both State and Federal.

6. The government in their opposition to the Defendant's Emergency Motion to Reconsider Pretrial Release spoke of what the government called "the extensive procedures" put in place by the Monmouth County Sheriff, procedures which, according to the Government, included suspension of all inmate visitation and mail and conducting health screenings on employees. The government characterized these steps by the Monmouth Sherriff to be "extremely robust and effective" and under the government's view apparently sufficient to protect vulnerable detainees such as the Defendant.

7. The Defendant, however, while not discounting the efforts of the Monmouth County Sherriff Department, submits that these efforts simply are not sufficient to protect vulnerable detainees. With the spacing restrictions caused by a prison setting there is simply no way for vulnerable detainees to engaged in the required social distancing. In addition, while the governments opposition speaks of ongoing health screening of

---

[1] Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19) Are You at Higher Risk for Severe Illness? https://www.cdc.gov/coronavirus/2019-ncov/specific- groups/high-risk-complications.html. See also Centers for Disease Control and Prevention, Information for Healthcare Professionals: COVID-19 and Underlying Conditions. https://www.cdc.gov/coronavirus/2019-ncov/hcp/underlying-conditions.html.

    Monmouth County Correctional Institute employees there is no indication in the government's opposition or elsewhere that the detainees are being given the same sort of screenings. Moreover, press releases are replete with reports that individuals who are asymptomatic for the effects of COVID-19, and who therefore may pass a health screening, may in fact be infected thereby posing an unknowing danger to untested, vulnerable detainees like the Defendant.

8. Aside from the potential dangers to the Defendant caused by his continued detention, his detention in a prison hundreds of miles from Massachusetts greatly impedes his 6th Amendment right to effectively consult with counsel, especially in the context of the ongoing pandemic and the protective orders sought by the government. While the undersigned counsel has no issue with traveling to visit with the Defendant, given the amount of anticipated discovery to be put forward by the government in this case, detaining the Defendant so far from this Court imposes a practical impediment to his right to access to counsel.

9. 18 U.S.C. § 3145(b) authorizes a defendant who was ordered detained by a magistrate judge to file with the district court judge a motion for revocation of the order of detention.

10. The Defendant submits that there are conditions of release that can be crafted in this case. The Bail Reform Act requires the Court to impose "the least restrictive [ ] condition, or combination of conditions, that [it] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). The defense submits that there are conditions of release that can be crafted in this case, specifically home detention, that will mitigate any danger Torres may

pose, while allowing him to remain isolated in a home-setting. Torres is proposing that he reside with his mother, Milagros Torres, his step father, Luis Robles, and his sister, Carmen Vargas Torres at 76 Delano Street, Apt. 2, New Bedford, Massachusetts. His mother is willing to serve as a third-party custodian. In addition, his mother has informed the undersigned counsel that the Defendant, if released to live with her, is able to obtain dialysis treatment in New Bedford or she would take steps to have it take place at her home. Given the Defendant's medical condition, the ongoing pandemic, and the impediments to the Defendant's ability to consult with counsel, due to his incarceration far outside of Massachusetts, the defense respectfully requests that this Court grant this motion, revoke the detention order entered by Magistrate Judge Kelley, and to release the Defendant on conditions.

WHEREFORE, the Defendant, Orlando Santiago Torres, moves this Honorable Court to grant the following relief:

A. Hold an emergency hearing on this motion as soon as possible; and

B. Allow the Defendant to appear by video, e.g., Zoom; and

C. Grant this motion and release the Defendant on conditions set forth above as well as any additional conditions that the Court deems necessary.

Respectfully submitted,<br>
Orlando Santiago Torres,<br>
By his Attorney,

Date: April 16, 2020                    /s/     Paul J. Garrity
Paul J. Garrity
Bar No. 905
14 Londonderry Road
Londonderry, NH 03053
603-434-4106

## CERTIFICATE OF SERVICE

I, Paul J. Garrity, herein certify that on this 16th day of April, 2020, a copy of the within Motion was e-filed for all parties involved.

Date: April 16, 2020                              /s/    Paul J. Garrity
                                                  Paul J. Garrity