

**U.S. Department of Justice**

*William F. Abely*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*   *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 5, 2022

Paul Garrity, Esq.
Paul J. Garrity Law Offices
14 Londonderry Road
Londonderry, NH 03053

     Re:    United States v. Cecchetelli, et. al.,
              Criminal No. 19-10459-RWZ
              Defendant, Orlando Santiago-Torres, a/k/a "King Landy"

Dear Attorney Garrity:

     The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Orlando Santiago-Torres, a/k/a "King Landy" ("Defendant"), agree as follows with respect to the above-referenced case:

     1.    <u>Change of Plea</u>

     Defendant will plead guilty to Count One and Count Two of the Indictment: Count One, Conspiracy to Conduct Enterprise Affairs through a Pattern of Racketeering Activity, in violation of 18 U.S.C. § 1962(d), and Count Two, Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Controlled Substance, in violation of 21 U.S.C. § 846. Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of these offenses.

     2.    <u>Penalties</u>

Defendant faces the following maximum and mandatory minimum penalties:

- Count One: incarceration for up to 20 years; supervised release for 3 years; a fine of up to $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

- Count Two: incarceration for up to 20 years; supervised release for at least 3 years, up to a maximum of life; a fine of up to $1,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

     3.    <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4.  Sentencing Guidelines

The U. S. Attorney agrees to take the position, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 30:

(a)  Offense Level

Pursuant to USSG § 2E1.1(a)(2), the base offense level is calculated according to the offense level applicable to the underlying racketeering activity. Pursuant to App. Note 1, each offense is treated as a separate count of conviction, with applicable Chapter Three adjustments.

The underlying offenses for Guidelines purposes are: (1) February 2019 aggravated assault on a rival gang member (Group One); (2) May 2019 aggravated assault and shooting at a rival gang member, Victim 6 (Group Two); (3) July 2019 aggravated assault and shooting at rival gang members (Group Three); (4) September 2019 aggravated assault and shooting of rival gang member Victim 8 (Group Four); (5) the November 2019 aggravated assault of Victim 26 (Group Five); and (6) the conspiracy to distribute controlled substances (Group Six). These offenses are grouped separately pursuant to § 3D1.2.

(1)  Group One:

- in accordance with USSG § 2A2.2(a), the base offense level is 14 because the Defendant committed an aggravated assault on a rival gang member; and

- in accordance with USSG § 2E1.1(a)(1), the offense level is increased to 19 because the offense level applicable to the underlying racketeering activity is less than 19;

(2)  Group Two:

- in accordance with USSG § 2A2.2(a), the base offense level is 14 because the Defendant participated in an aggravated assault on a rival gang member, Victim 6; and

- in accordance with USSG § 2A2.2(b)(2), the offense level is increased by 5 because a firearm was discharged;

(3) Group Three:

- in accordance with USSG §§ 2A2.2(a), the base offense level is 14 because the Defendant participated in an aggravated assault on rival gang members; and

- in accordance with USSG § 2A2.2(b)(2), the offense level is increased by 5 because a firearm was discharged;

(4) Group Four:

- in accordance with USSG § 2A2.1(1), the base offense level is 14 because the Defendant participated in an aggravated assault on a rival gang member, Victim 8;

- in accordance with USSG § 2A2.2(b)(1), the offense level is increased by 2 because the offense involved more than minimal planning;

- in accordance with USSG § 2A2.2(b)(2), the offense level is increased by 5 because a firearm was discharged; and

- in accordance with USSG § 2A2.1(b)(3)(C), the offense level is increased by 5 because Victim 8 suffered life-threatening injuries, and the total offense level cannot be increased by more than 10;

(5) Group Five:

- in accordance with USSG § 2A2.1(1), the base offense level is 14 because the Defendant participated in an aggravated assault on a rival gang member, Victim 26;

- in accordance with USSG § 2A2.1(b)(2)(B), the offense level is increased by 4 because a dangerous weapon (shod foot) was otherwise used;

- In accordance with USSG 2A2.1(b)(3)(A), the offense level is increased by 3 because the victim suffered bodily injury;

(6) Group Six:

- in accordance with USSG § 2D1.1(a)(5) & (c)(8), the base offense level is 24 because the Defendant is responsible for 500 grams of cocaine powder;

(b) Role Adjustment

Pursuant to USSG § 3B1.1(b), Defendant's offense level is increased by 3 levels, because Defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive.

(c)     Grouping

Pursuant to USSG § 3D1.4, each group is counted separately.

- Group One has an adjusted offense level of 22;
- Group Two has an adjusted offense level of 22;
- Group Three has an adjusted offense level of 22;
- Group Four has an adjusted offense level of 29;
- Group Five has an adjusted offense level of 24; and
- Group Six has an adjusted offense level of 27.

Group Four results in one Unit, because it is the highest offense level (USSG § 3D1.4(a)). Group Six is two levels less serious and therefore results in one Unit (USSG § 3D1.4(a)). Group One, Group Two, and Group Three are seven levels less serious, and Group Five is five levels less serious and therefore each result in one-half Unit (USSG § 3D1.4(b)). Defendant therefore is responsible for four Units, and the Offense Level is increased by 4. See USSG § 3D1.4.

Pursuant to the USSG grouping principles, and prior to any reduction for acceptance of responsibility, ***Defendant's Adjusted Offense Level is therefore 33***.

(d)     Acceptance of Responsibility

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, the U.S. Attorney agrees to recommend that the Court reduce Defendant's Adjusted Offense Level by 3 levels under USSG § 3E1.1.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (himself or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.     Agreed Disposition

The parties agree on the following sentence:

(a)     incarceration within a range of 132 to 188 months;

(b)     a fine within the Guidelines sentencing range as calculated by the parties,

        excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

   (c)      36 months of supervised release;

   (d)      a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so);

   (e)      restitution to be determined by the Court at sentencing; and

   (f)      forfeiture as set forth in Paragraph 7.

Within the sentencing range agreed to by the parties, the sentence to be imposed upon Defendant is within the discretion of the Court, subject to the provisions of the advisory USSG and the factors set forth in 18 U.S.C. § 3553(a).

      6.      <u>Waiver of Right to Appeal and to Bring Future Challenge</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his/her conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

   a)      Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

   b)      Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of a sentence within the range agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant acknowledges that Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7.   Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a. $521.00 United States currency seized from the Defendant on December 5, 2019;
b. Yellow necklace with chain and pendant seized from the Defendant on December 5, 2019; and
c. Miscellaneous Firearms and accessories seized from the Defendant on December 5, 2019, including:
    i. a Smith and Wesson HUV .40 Caliber Handgun;
    ii. a Charter Arms .44 Special Caliber Revolver;
    iii. a loaded magazine from the Smith & Wesson .40 Cal Handgun; and
    iv. bullets from the Charter Arms .44 Special Caliber Revolver.

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offense, they were used to facilitate Defendant's offense and/or they were involved in Defendant's offense. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States

Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases Defendant's claims to:

   a. $521.00 United States currency;
   b. Yellow necklace with chain and pendant; and
   c. Miscellaneous Firearms and accessories, including:
       i. a Smith and Wesson HUV .40 Caliber Handgun;
       ii. a Charter Arms .44 Special Caliber Revolver;
       iii. a loaded magazine from the Smith & Wesson .40 Cal Handgun; and
       iv. bullets from the Charter Arms .44 Special Caliber Revolver;

seized by, or turned over to, the Federal Bureau of Investigation on or about December 5, 2019, as to which, Defendant hereby acknowledges, Defendant received actual notice of administrative or civil judicial forfeiture proceedings on or about March 9, 2020.

   8. Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

   9. Withdrawal of Plea by Defendant or Rejection of Plea by Court

Should Defendant move to withdraw Defendant's guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Plea Agreement, this Plea Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

   10. Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to

withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from Defendant's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

11. Who is Bound by Plea Agreement

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12. Modifications to Plea Agreement

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Philip A. Mallard.

Sincerely,

WILLIAM F. ABELY
Acting United States Attorney

By: *Timothy E. Moran*
Timothy E. Moran
Chief, Organized Crime Gang Unit
Michael J. Crowley
Deputy Chief, Organized Crime Gang Unit

*Philip A. Mallard*
Philip A. Mallard
Assistant U.S. Attorney

8

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
Orlando Santiago-Torres
Defendant

Date: _____

I certify that Orlando Santiago-Torres has read this Plea Agreement and that we have discussed its meaning. I believe Orlando Santiago-Torres understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

_____
Paul Garrity, Esq.
Attorney for Defendant

Date: 4-22-22